## FUNDS FOR REBUILDING COUNTY ROADS WITHIN MUNICIPAL LIMITS.

Common Pleas Court of Marion County.

STATE, EX REL LLEWELLYN ALLEN, v. J. HENRY RAUB ET AL.*

Decided, 1916.

*Limitations on Authority of County Commissioners—May Repair but Not Reconstruct—And Repairs May be Carried Only to Point Where the Street Has Been Curbed and Guttered—Emergency Funds May Not be Used for Rebuilding a Worn Out Road—Sections 3714, 7419 and 7422.*

1. Emergency funds, raised under Section 7419, can not be used by county commissioners for rebuilding a worn out road, nor can a contribution be made from such funds toward the rebuilding of that part of such a road which lies within municipal limits.
2. The jurisdiction of county commissioners over a road lying within the limits of a municipality is limited to the repair of such a road up to the point where the sidewalks have been curbed and guttered, and no further.
3. The funds available for repair of a road within municipal limits are those raised under Section 7422 rather than Section 7419, G. C.

*C. L. Justice,* for plaintiff.

*Homer E. Johnson,* Prosecuting Attorney, and *Ford Warner,* City Solicitor, contra.

*Affirmed by the Court of Appeals in the following memorandum: "Finding and decree for plaintiff awarding perpetual injunction as prayed for in plaintiff's petition, on the reasoning of the opinion of Judge Duncan in the court below, and on the added ground that if it be assumed that Section 7419, G. C., will permit expenditure of funds, raised as therein provided, for repair or construction, either partially or completely, of part of a principal highway lying within a municipality, yet the improvement in question has not been shown by the evidence or agreed facts to be necessary by reason of any of the causes enumerated in said section, or that the portion of the highway covered by the improvement is in the condition contemplated by said section."

*Motion for an order directing the Court of Appeals to certify its record overruled May 16, 1916.

DUNCAN, J.

This case was brought by a tax-payer to enjoin the county commissioners from contributing to the improvement of North Main street in the city of Marion, from Fairground street north to the corporation line, by grading and paving the same to the width of thirty-six feet, together with the necessary curbing, gutters and catch basins, as per plans and specifications adopted therefor.

This street, prior to May 14, 1889, when it was taken into the city by the annexation of contiguous territory, was what is known as the Marion-Bucyrus Pike, and was improved as such by the county commissioners. It is now practically worn out and needs reconstruction. That is to say, a new pike should be built on the old foundation.

In the construction of the proposed improvement the city authorities and the county commissioners have agreed that the county shall construct a six-inch concrete foundation and that the city shall construct the balance. To pay for the concrete foundation, the commissioners propose to use funds realized from the levy of taxes under Section 7419, General Code, as follows:

"When one or more of the principal highways of a county, or part thereof, have been destroyed or damaged by freshet, land-slide, wear of water-courses, or other casualty, or, by reason of the large amount of traffic thereon or from neglect or inattention to the repair thereof, have become unfit for travel or cause difficulty, danger or delay to teams passing thereon, and the commissioners of such county are satisfied that the ordinary levies authorized by law for such purposes will be inadequate to provide money necessary to repair such damages or to remove obstructions from, or to make the changes or repairs in, such road or roads as are rendered necessary from the causes herein enumerated, they may annually thereafter levy a tax at their June session, not exceeding five mills upon the dollar upon all taxable property of the county, to be expended under their direction or by the employment of labor and the purchase of materials in such manner as may seem to them most advantageous to the interest of the county, for the construction, reconstruction or repair and maintenance of such road or roads or part thereof."

The question then arises whether under the facts and circumstances the county commissioners have the right to thus contribute to the proposed improvement.

It is very doubtful whether any of the money raised under the provision of said Section 7419 can be used any place in the county for the construction of a new road as is here contemplated. This section is more in the nature of an emergency statute. The law of this state does not contemplate that the county commissioners may improve the roads of the county generally out of county funds, or improve some in this way and others by assessing the cost and expense thereof against abutting lands.

It would seem from the reading of this section that its purpose was to furnish the means to "repair the damages" to a highway "destroyed or damaged" from certain causes or to "remove obstructions from, or to make the changes or repairs" in a highway "unfit for travel or cause difficulty, danger or delay to teams passing thereon," from other causes. Aside from this the council of the city by virtue of the provisions of Section 3714, General Code, has exclusive jurisdiction over all streets therein, modified by the duty of the county commissioners under the provisions of Section 7444, General Code, to keep the improved roads therein in repair to points "where the sidewalks have been curbed and guttered and no farther." Said Section 3714 reads as follows:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

Said Section 7444, General Code, reads as follows:

"The county commissioners shall keep in repair the portions of such roads within their respective counties, as are included within the corporate limits of a city or village in such counties, to points therein where the sidewalks have been curbed and guttered, and no farther."

In support of this view it is held in *Wabash Ry.* v. *Defiance,* 52 Ohio St., 262, 299, 301, construing Section 2640, Revised Statutes, now Section 3714, General Code, that:

"Where part of a county road is taken into a municipal corporation by the annexation of contiguous territory, it is subject to the control and supervision of the municipal authorities, who may improve it by grading, or otherwise, at the expense of the corporation."

The money, however, which may be used to "repair" roads within the city, is such money as may be raised under the provisions of Section 7422, General Code, and not under Section 7419, General Code. Said Section 7422 reads as follows:

"The county commissioners shall cause all necessary repairs to be made for the proper maintenance of all improved roads in the county. For such purpose they may levy a tax upon the grand duplicate of the county, not exceeding three-tenths of one mill in any one year upon each dollar of the valuation of taxable property in such county. Such levy shall be in addition to all other levies authorized by law, notwithstanding any limitation upon the aggregate amount of such levies now in force."

So that the authority of the county commissioners over city streets is not only limited to points therein "where the sidewalks have been curbed and guttered," but to "repairs" also, and the proposition that the commissioners may contribute to the proposed paving of North Main street by constructing the concrete foundation therefor, is, in my opinion, unauthorized by law.

Holding these views, the injunction prayed for herein will be granted.